SINGER MANUFACTURING CO. v. SMITH.

1. LEASE—CHATTEL MORTGAGE.—A paper purporting to be a lease, whereby a sewing machine valued at $55 is put into the lessee's possession, he paying $10 in cash for rent and agreeing to pay $3 every month for fifteen successive months, held to be a chattel mortgage.

2. CLAIM AND DELIVERY—DEFENCE.—In action by mortgagee to recover possession of the mortgaged chattel on non-payment of the purchase money as stipulated, the defendant cannot defeat recovery by plea or counterclaim, alleging breach of warranty in the article sold and full payment of what it was really worth.[1]

Before IZLAR, J., Darlington, November, 1891.

Action in claim and delivery by the Singer Manufacturing Company against Raiford Smith, commenced before Henry E. P. Sanders, Esq., trial justice, on September 16, 1891.

*Messrs. Woods & Spain*, for appellant.

No counsel contra.

March 7, 1894. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. The Circuit Judge who heard this case states that the action was brought in the Court of Trial Justice, to recover the possession of a sewing machine, alleged to be the property of the plaintiff, and wrongfully withheld or

[1] See note 11 L. R. A., 257.

34—40

detained by the defendant after demand.  The trial was had before the trial justice without a jury, upon the following instrument, viz:

"LEASE.—This certifies that I, Raiford Smith, now residing in the town of Darlington, State of South Carolina, have received of the Singer Manufacturing Company one Singer sewing machine [describing it], with apparatus belonging thereto, all · in good order, and valued at fifty-five dollars, which I am to use with care, and keep in like good order, and for the use of which I agree to pay as follows: ten dollars on the delivery of this agreement, the receipt whereof is hereby acknowledged, and accepted as payment for the rent of the first month only, and then at the rate of three dollars per month, payable in advance, on the 22d day of each month hereafter for fifteen months, at its agency in Darlington, S. C., without notice or demand. But if default shall be made in either of said payments, or if I shall sell or offer to sell, remove or attempt to remove, the said machine from my aforesaid residence, without the written consent of the said company, then and in that case I agree to return the same, and that it or its agent may renew actual possession thereof; and I hereby authorize and empower the said company or its agent to enter the premises wherever said machine may be, and take and carry the same away, hereby waiving any action for trespass or damages therefor, and disclaiming any right of resistance thereto; and also waive all right of homstead and other exemptions, under the laws of the State, as against this obligation.  Witness my hand and seal, this February 22, 1890.  (Signed) Raiford Smith [L. S.]  Attest: George F. Rogers.

"Notice to parties signing this lease: Read the terms of this lease before signing it, as no statement or agreement or understanding, verbal or written, not contained herein will be recognized by us.  (Signed) The Singer Manufacturing Company."

The defendant answered orally in the Trial Justice Court: (1) "That defendant bought machine, which was guaranteed; that defendant has already paid on the machine $32.50, which is more than it is worth; that it is an old second hand machine. (2) That although the paper sued on is claimed to be a lease,

yet in law it is only a chattel mortgage given to secure this debt, and that, even if it should be held to be a conditional sale, and the title remain in the lender, defendant can not be held to deliver up the property if it is not as represented, until the vendor puts him in posseesion of the money already paid."

Testimony was admitted, over objections, tending to show that the machine was warranted, and the warranty was broken, the machine being, as alleged, an old "second-hand instrument," not worth the money already paid for it. The trial justice held that the title to the property was in the plaintiff company, and gave judgment for the delivery of it to them, without any regard to the payments which had been made. The defendant appealed to the Circuit Court, and his honor, Judge Izlar, held that the "instrument sued on was one of sale and not of hiring, and that it was in effect a chattel mortgage. That while the contract is in some respects very similar to that set out in the case of *Ludden & Bates' Southern Music House* v. *Dusenbury*, 27 S. C., 464, there is a marked difference between the two instruments. * * * The intention of the contracting parties in the case named could only be discovered from the words used in the contract, while the testimony in the present case stamps the transaction as a sale, and not as a lease or hiring. * * * The instrument under consideration was evidently given to secure the purchase price of the sewing machine. It is settled law that if a security for money is intended, that security is a mortgage, though it may not bear upon its face the form of a mortgage. Conditional sales are not favored in law, and where it is doubtful from the face of the instrument whether the contract is a conditional sale or a mortgage, the courts generally treat it as a mortgage, for the reason that such construction will be most apt to attain the ends of justice, and prevent fraud and oppression. The rights and remedies of a mortgagor are widely different from those of a lessee of a chattel. While the mortgagee of a chattel, after the condition of the mortgage is broken, becomes the legal owner of the chattel mortgaged, and can maintain an action to recover its possession, the mortgagor before foreclosure by sale may bring an action to redeem the mortgaged property, or in case of foreclosure by

sale, an action against the mortgagee to account for any surplus proceeds of the sale which may remain after satisfying the mortgage debt," &c. And the judge sustained the appeal, reversed the judgment of the trial justice, and remanded the case for a new trial. From this judgment the plaintiff appeals to this court upon the following grounds: (1.) "Because his honor should have held that the paper signed by the defendant, and upon which this action was brought, was a lease of personal property, and that he erred in not so holding. (2.) That his honor erred in holding that said paper was an instrument in the nature of a mortgage, and the same was not a lease of personal property. (3.) That even if his honor was correct in holding that the paper in question was a chattel mortgage, the plaintiff was entitled to recover the property in question, the condition of the mortgage being broken, and that his honor erred in not so holding. (4.) That his honor committed error in holding that, because the mortgagor, before foreclosure by sale, may bring an action to redeem the mortgaged property, or, in case of foreclosure by sale, an action against the mortgagee to account for any surplus proceeds of the sale which might remain after satisfying the mortgage debt, the plaintiff in this action could not recover possession of the sewing machine in question, &c.

It is difficult for one to sell and deliver property, and at the same time to remain the owner of it. After careful consideration, I feel constrained to concur with his honor, Judge Izlar, that the contract between these parties was not a *lease*, but substantially a *sale* of the machine for $55— $10 paid in cash, and the remaining $45 to be paid in fifteen small instalments of $3 each per month, making in the aggregate the precise sum of $55, the price of the machine. We think that a lease is generally executed by the owner of the property; this paper was signed by the person negotiating for a purchase of the article. The defendant could not secure the credit portion of the purchase money, until some interest was conveyed to him by the company.

But to this it is answered, that the condition of the mortgage having been broken, the plaintiff had the legal title to the pro-

perty, and had the absolute right to recover it, whether the contract was a lease or in the nature of a mortgage; and that in such action a counter-claim for breach of warranty as to the property could not be set up as a defence. It seems that the precise point was decided in the case of *Talbott & Sons* v. *Padgett*, 30 S. C., 167, in which it was held as follows: "In action to recover possession after condition broken in a chattel mortgage or conditional sale, defendant interposed as a defence, that he was entitled to an accounting for the amount due, and to have the property sold and the surplus paid to him. *Held*, on oral demurrer by the plaintiff, that these matters could not defeat the plaintiff's recovery, and, besides, were not facts, but legal conclusions. Defendant further alleged, by way of counter-claim, that plaintiff had failed to perform his covenants in the agreement sued on, and demanded damages. *Held*, that the defence was not only insufficiently pleaded, but could not be interposed as a counter-claim to an action in claim and delivery," &c. This would seem to be conclusive, and that the defendant's rights, whatever they may be, are equitable in character.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the judgment of the trial justice affirmed.