## STATE v. RICE.

1. SELLING PROPERTY UNDER LIEN—BILL OF SALE.—At the trial of defendant in the Court of Sessions for disposing of chattels covered by a mortgage, the trial judge erred in construing a paper, which purported to be an absolute bill of sale of these chattels, as a mortgage, and in permitting it to be received in evidence.

2. IBID.—EXCEPTIONS.—Such paper having been construed to be a mortgage over defendant's objection, he did not estop himself from excepting to this ruling on appeal by afterwards requesting a charge as to the effect of a payment made by him thereon.

3. IBID.—REMOVAL FROM STATE—CASE CRITICISED.—If property covered by a lien is taken by the lienor beyond the limits of this State, with the purpose, or, perhaps, even with the effect, of putting it beyond the reach of the lienee, the statutory offence of disposing of property under lien is complete, and is within the jurisdiction of the courts of this State. Thus the purpose and effect of removal in such cases becomes a pertinent inquiry. This case distinguished from State *v.* Reeder, 36 S. C., 497.

4. CASE CRITICISED—PART PAYMENT RECEIVED ON A CHATTEL MORTGAGE does not waive the forfeiture. The case of Summer *v.* Kelly, 38 S. C., 507, explained, and held not to have so decided.

Before TOWNSEND, J., Barnwell, July, 1894.

Indictment against H. W. Rice for selling property under lien.

*Messrs. Patterson & Holman,* for appellant.

*Mr. Bellinger,* solicitor, contra.

February 20, 1895. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. Under an indictment for sell-ing and disposing of certain personal property, covered by an alleged lien, in violation of section 277 of the Criminal Statutes of South Carolina (2 Rev. Stat. 1893, p. 356), the defendant was convicted; and from the judgment rendered he appealed to this court upon the several grounds which will be hereinafter noticed.

The paper claimed to constitute the lien above referred to is in the following form: "The State of South Carolina, County of Barnwell. Know all men by these presents, that I, H. W. Rice, of the said county, in consideration of the sum of two hundred and fifty dollars to me advanced in cash by H. J. Moody, of Barnwell County, said State, have bargained and sold unto the said H. J. Moody the following personal property: one grey mare named Maud, one large grey horse named Paul, * * * now in my possession, and which I promise to deliver on demand to H. J. Moody." When this paper was offered in evidence by the prosecution, claiming it to be a mortgage, the defendant objected, on the ground that the paper was not a mortgage or other lien, contemplated by the statute under which defendant was indicted, but was an absolute bill of sale. The Circuit Judge overruled the objection, holding the paper to be a mort-gage; to which ruling the defendant duly excepted.

The defendant's grounds of appeal are as follows: 1st. Be-cause of error in admitting the paper, claimed to be a mortgage, in evidence, and in holding the same to be a mortgage. 2d. Because of error in refusing to charge defendant's first request, which was as follows: "The jury are instructed that if the pro-perty mentioned in the indictment was sold or disposed of in the State of Georgia, then the defendant must be acquitted, as the crime contemplated by our statute was not committed in this State." 3d. Because of error in refusing to charge de-fendant's second request, which was as follows: "The jury are

instructed that the payment made on the bill of sale herein
waived the forfeiture, and the defendant must be acquitted, the
same having effect to discharge the lien." 4th. Because of
error in charging the jury that if the defendant put the said
property out of the reach of the said Moody, by carrying the
same out of the State or otherwise, that then the offence would
be complete; such act not necessarily being a sale or disposition
as mentioned in the statute.

In reference to this last ground of appeal, the Circuit Judge,
in settling the "Case," makes these remarks: "I notice nothing
wrong except the last sentence of the fourth and last ground of
appeal. The objectionable words are these: 'Such act not neces-
sarily being a sale or disposition as mentioned in the statute.'
This would convey just the opposite of what I did say. I
charged the jury that if he (Rice) put the said property out of
the reach of Moody, by carrying the same out of the State, or
otherwise, the offence would be complete—that would be a
disposition such as was mentioned in the statute."

The first exception presents what we regard as the controling
question in the case—whether there was error in holding the
paper above copied to be a mortgage, and receiving it in
evidence as such. This exception is well taken. The
paper in question presents all the features of an absolute
bill of sale, not those of a mortgage. It purports, by its terms,
to be an absolute transfer of the property specified, at a price
named, to be delivered whenever called for. The only word
used in the paper which would ever tend to convey the idea
that the property transferred was intended as a security, is the
term "advanced," and that is surely not sufficient of itself to
convert an absolute transfer of property into a mere security,
as that word may well be construed to mean an acknowledgment
of the payment in cash of the price of the property sold, in
conformity with the other terms of the paper. It is true, that
in a proper proceeding, and under proper proofs, before an ap-
propriate jurisdiction, such a paper might be adjudged to be a
mortgage, but the Court of Sessions is certainly not the appro-
priate jurisdiction for that purpose. Besides, it does not appear
that any evidence was introduced or even offered tending to

show that the paper, though in form an absolute bill of sale, was really intended as a mere security, even if such evidence would have been competent before the Court of Sessions.

The position taken by the solicitor, that the appellant has, by the terms of his third exception, conceded the paper in question to be a lien, and is now estopped from disputing the same, cannot be sustained. The third exception was taken after the ruling was made by the Circuit Judge that such paper was a mortgage, and as such competent evidence in the case, and was manifestly designed to meet such ruling, in case it should be sustained, and it cannot, therefore, operate to the prejudice of appellant. The first exception must, therefore, be sustained; and though this would be conclusive of the case, we will not decline to consider the other exceptions.

The second and fourth exceptions both relate to the same subject, and may, therefore, be considered together. The mere fact that the property in question was carried by the defendant out of the State, and sold and disposed of in the State of Georgia, would not necessarily show that the offence was committed beyond the jurisdiction of this State. The statute forbids not only the sale but also the disposal of property covered by a lien; and, therefore, while a sale in the State of Georgia would not constitute an offence of which the court of this State could take jurisdiction, yet the carrying of such property beyond the limits of the State, might or might not, according to circumstances, constitute such a disposition of the property as would render one amenable to the provisions of the statute. For example, if a citizen of this State simply rides or drives a horse, covered by a mortgage, across the State line, that, of itself, would certainly not subject him to the penalties of the statute; but if he takes such horse out of the State for the purpose of putting the animal beyond the reach of the mortgagee, then clearly he would be liable to indictment under the statute; and possibly, if without any such purpose, the effect of his taking the mortgaged property beyond the jurisdiction, should prove a defeat of the lien, he might still be liable. It is true, that this court has held in the case of *State v. Reeder*, 36 S. C., 497, that where a person makes *a sale* of

property covered by a lien, the motive or intent of such sale is an immaterial inquiry, for there the act itself is sufficient to evince an intention to place the property beyond the reach of the lienee; but where the act charged is a *disposition* of mortgaged property by taking it beyond the limits of the State, then it seems to us that such an act does not, necessarily, evince an intention to place the property beyond the reach of the lienee, and hence an inquiry into the purpose and effect of such act does become pertinent.

The only remaining exception is the third, which, under the view we have taken of the first exception, presents no material question, and would not be further noticed except for the purpose of correcting a misapprehension which seems to have arisen in regard to the effect of a former decision of this court, in the case of *Summer* v. *Kelly*, 38 S. C., 507. That case does not decide that where a *partial payment* on a mortgage debt is accepted by the mortgagee, it operates as a waiver of the forfeiture (as it is incorrectly termed), for no such question was there presented; but the question there presented is thus distinctly stated by the justice who prepared the opinion in that case: "Second. If payments of money, arising from sale of mortgaged property by mortgagor, be made to mortgagee, after a breach of the condition of the mortgagee, will such payment, *if in full payment of debt secured by mortgage* (italics mine), cancel such debt, and revest the title of mortgaged property in the mortgagors?" That was the question presented by the evidence, and by the concurrent finding of the referee and the Circuit Judge, for they both found, as matter of fact, that *the whole amount* of the mortgage debt had been paid in full, and hence no question as to the effect of *a partial payment* of the mortgage debt, after condition broken, did arise or could have arisen in that case. There is, therefore, no warrant for supposing that the case of *Summer* v. *Kelly* decided that where the mortgagee of personal property accepted a partial payment on the mortgage debt, after condition broken, such acceptance operated as a waiver of the forfeiture (as it is called), and revested the title to the mortgaged property in the mortgagor. All that the case can properly be regarded as deciding is that

where the mortgage debt has been fully paid and satisfied, even after condition broken, the legal title to the mortgaged property is thereby revested in the mortgagor. It is true, that some of the language contained in the quotation made in that case from Hermann on Chattel Mortgages would seem to countenance the idea that the same effect would follow from *a partial payment* accepted by the mortgagee, after condition broken; but the language italicized in that quotation manifestly shows that such authority was cited for the purpose only of showing the effect of *a payment in full.*

The judgment of this court is, that the judgment of the Circuit be reversed, and the case remanded to that court for a new trial.