### STATE v. HAYNES.

1. MORTGAGES—SELLING PROPERTY UNDER LIEN.—The contract in question in the light of the circumstances surrounding the transaction construed to be a mortgage, and under evidence defendant could be convicted of selling property under lien by taking mortgaged property to a foreign State and pawning it.

2. SELLING PROPERTY UNDER LIEN.—Removal of mortgaged property from the State with the purpose or necessary effect of defeating the mortgage lien is such disposal of property as falls within the meaning of the Criminal Code against selling property under mortgage or lien.

Before ALDRICH, J., Anderson, Spring Term, 1906. Affirmed.

Indictment against J. P. Haynes for selling property under lien. From sentence on verdict, defendant appeals.

*Messrs. Martin & Earle,* for appellant, cite: *There must be an intention to dispose of the property:* 43 S. C., 203. *To pawn is not to dispose of:* 22 Ency., 2 ed., 508; 2 Kent., 577; Jones on Pledges, sec. 1. *Ambiguity of contract may be explained by parol:* Green. on Ev., 16 ed., 275, 298; 48 S. C., 372; 1 Ency. Ev., 827, 829, 831; 14 Rich. Eq., 150; 57 S. C., 60. *Part of contract may be shown by parol:* 61 S. C., 166. *Contract is not a mortgage:* Herman on Chat. Mtg., 18; Jones on same, 4 ed., secs. 8, 12, 18, 102; 2 S. C., 48; 5 S. C., 283; 27 S. C., 46; 40 S. C., 529; 1 Ency. of Ev., sec. 297.

*Solicitor J. E. Boggs,* contra.

June 30, 1906. The opinion of the Court was delivered by

MR. JUSTICE JONES. The appellant was indicted, convicted and sentenced for selling and disposing of personal property under mortgage or lien, as prohibited in section 337 of the Criminal Code.

At the close of the testimony for the State, the defendant's counsel made a motion to direct a verdict, which was refused, and the first, second and third exceptions assign error to such refusal. Two questions are presented under these exceptions: 1st, whether the instrument introduced in evidence constitutes a chattel mortgage or lien; 2d, whether there was any evidence that defendant sold or disposed of mortgaged property, as prohibited in the statute.

The instrument in question reads as follows:

"Goods on long credit.          Payments weekly.

"Contract.

"$26.00.          Anderson, S. C., 2-20-1905.

"This is to certify that I have this day rented or leased from Walter H. Keese the following articles of merchandise: One open face 18 McFays Montawk 7256757 with 21 Hamilton 266041 P. No. 7447 trade Waltham, amounting in value to $26.00, on the following conditions: That I will pay Walter H. Keese $00 cash on delivery and $5.00 every 1 & 15 month until the amount of $26.00 is paid in full. One week's failure to pay forfeits the goods. No money refunded if goods have to be taken back. Patrons are expected to read this contract.

"I expressly agree that the above mentioned goods remain the exclusive property of Walter H. Keese until paid for in full, and on default of one week's payment, to be subject to his order, and can be taken back or seized by him without process of law, and the payments made shall be considered as rental for the use of the above goods. Goods sold, traded or given away without consent will be subject to immediate seizure and forfeiture of all previous payments.

"(Signed) John R. Haynes."

Walter H. Keese, the party to whom the defendant executed this instrument, testified that he sold to defendant for $26.00 a 21 jewel Hamilton movement, which he placed in a watch case belonging to defendant, and took the paper on both the case and movement to secure the debt. While the paper in question contains some expressions which indicate that the parties contemplated a lease, there are other expressions which indicate that a sale was contemplated. But the testimony of Keese makes it clear that, so far as he was concerned, the paper was intended as a mortgage to secure a debt not only upon the property which he sold to defendant, but upon defendant's watch case as well. If in considering an appeal from refusal to direct a verdict in a criminal case we may adopt the same rule

applied in considering appeals from refusal of nonsuit in civil cases and consider the testimony offered after such refusal (as in *Scates* v. *Henderson,* 44 S. C., 554, 22 S. E., 724; *Hicks* v. *Southern Ry.,* 63 S. C., 567, 41 S. E., 753; and *Fales* v. *Browning* 68 S. C., 19, 46 S. E., 525), it appears that the defendant also understood that the paper was given to secure the price of the watch movement sold to him by Keese. We think the Circuit Court committed no error in construing the instrument to be a mortgage, especially in the light of the circumstances surrounding the transaction. The case falls within the rule stated in *Singer Manufacturing Co.* v. *Smith,* 40 S. C., 529, 19 S. E., 132.

With reference to the second question stated above, we think there was some evidence tending to show a disposal of property under mortgage, in violation of the statute. The testimony for the State tended to show that in March, 1905, after the execution of the said mortgage the defendant carried the watch case and movement out of the State and placed it in a pawn shop in Atlanta, Ga., where the mortgagee Keese secured it upon the payment of twelve dollars, within a few days after defendant's departure from the State. The defendant had specially promised the mortgagee that he would not carry the property from Anderson, S. C., but would deliver it to the mortgagee before leaving. A letter was also in evidence from defendant to Keese in which defendant proposed to pay Keese $20.00 to drop "that case against me," and there was no evidence that there was any case against him in which Keese was concerned except as to the matter of the watch. These circumstances afforded some testimony to go to the jury, under proper instructions, on the question whether the defendant carried said property out of the State with the purpose of defeating the mortgage lien, so as to constitute such a disposal of property as is punishable by the statute.

The fourth exception was withdrawn by appellant.

The fifth exception alleges error in excluding the testimony by defendant as to the circumstances attending the

execution of the paper contract so as to clear up the ambiguity in the paper. The Court ruled that defendant could not vary or contradict the paper contract by parol testimony, and was of the opinion that the contract was not ambiguous, but as matter of fact permitted defendant to testify most fully as to all the circumstances of the transaction. There is, therefore, no basis for the exception.

The sixth and seventh exceptions, relating to the Court's charge to the jury, are as follows: "(6) Error of his Honor, the Circuit Judge, in modifying defendant's first request to charge; said request was as follows: 'Before the jury can convict in this case, the State must show beyond a reasonable doubt that the defendant sold or disposed of the property described in the county of Anderson, State of South Carolina, or at least that he removed it from the county of Anderson with existing purpose of defeating the lien. *State* v. *Rice,* 43 S. C., 200, 30 S. E., 936.' The modification is on the margin: 'Or if without any such purpose, the effect of his taking the mortgaged property beyond the jurisdiction should prove a defeat of the lien, he might still be liable.' It is respectfully submitted that this modification states the law too broadly, and that it would not be a violation of law to move property beyond the jurisdiction without any intention to defeat the lien thereon, and without actually disposing thereof.

"(7) Error of his Honor, the Circuit Judge, in not charging defendant's second request without modification. The request was as follows: 'If the jury believe from the evidence that the defendant merely pawned this watch in Atlanta, that as a matter of law would not be selling the property, nor would it be disposing of the property, within the meaning of the statute, unless it was shown that the condition of the pledge was broken, and that the title to the property passed from the defendant to pledgee or pawnee, or at any rate not if it was not shown to be his purpose not to redeem the property pawned.' His Honor modified this request as follows: 'Or if his pawning with such purpose, the effect of

pawning the property should prove a defeat of the lien.' It is submitted that such request is good law without this modification and that this modification is an incorrect restriction of a correct principle."

The record does not show that the Court modified defendant's request as indicated in the exceptions. It does appear that the Court charged the jury as follows: "I charge you this: you cannot try him and punish him in this State for selling or disposing of that property outside of the State; but if a party who gives a lien and takes it out of the State for the purpose, or when he leaves here takes it from the State with the purpose of defeating the lien, by selling or disposing of it, by selling or disposing of the property, then if he has that intention in this State and takes it out of the State, that is contrary to law. Or if he takes the property out of the State and it necessarily has the effect of defeating the owner of the lien or mortgage in getting his property, then that would be a violation of the law in this State, because he must carry it away from this State, disposing of it, so as that carrying it away necessarily defeats the provision of the law as I read to you." The charge was within the rule stated in *State* v. *Rice,* 43 S. C., 200, 203, 20 S. E., 986, from which we quote this language: "The mere fact that the property in question was carried by the defendant out of the State, and sold and disposed of in the State of Georgia, would not necessarily show that the offense was committed beyond the jurisdiction of this State. The statute forbids not only the sale but also the disposal of property covered by a lien; and, therefore, while a sale in the State of Georgia would not constitute an offense of which the Court of this State could take jurisdiction, yet the carrying of such property beyond the limits of the State might or might not, according to the circumstances, constitute such a disposition of the property as would render one amenable to the provisions of the statute. For example, if a citizen of this State simply rides or drives a horse, covered by a mortgage, across the State line, that, of itself, would certainly not sub-

ject him to the penalties of the statute; but if he takes such horse out of the State for the purpose of putting the animal beyond the reach of the mortgagee, then clearly he would be liable to indictment under the statute; and possibly, if, without any such purpose, the effect of his taking the mortgaged property beyond the jurisdiction should prove a defeat of the lien, he might still be liable."

We think that removal of property from the jurisdiction of the State with the purpose or necessary effect of defeating the mortgage lien, is such a disposal of property as falls within the meaning of the statute. If intention to defeat the lien is essential, one must be presumed to intend the necessary consequences of his voluntary acts.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.