## 7479

### J. B. AIKEN v. LANCASTER COTTON MILLS.

### SARAH AIKEN v. LANCASTER COTTON MILLS.

MALICIOUS PROSECUTION.—A warrant charging that a chattel mortgagor is removing the pledged chattels into a foreign State, states no crime, and an action for malicious prosecution for such criminal action will not lie.

Before HYDRICK, J., Lancaster, December, 1908. Affirmed.

Two cases tried together: (1) J. B. Aiken against Lancaster Cotton Mills and C. B. Skipper, and (2) Sarah Aiken against same. From order sustaining demurrers to both complaints, both plaintiffs appeal.

*Messrs. Dunlap & Dunlap,* for appellants. Oral argument.

*Messrs. Williams & Williams,* contra, cite: *A defective warrant will not sustain an action for malicious prosecution:* 57 S. C., 256; 2 McM., 170; 2 Hill, 499; 72 S. C., 189. *The allegations will not support an action for false imprisonment:* 62 S. C., 91. *The warrant states no crime:* Crim. Code, 336, 337, 339; 57 S. C., 263.

March 8, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. These two actions were brought to recover damages for malicious prosecution, and the appeals come from orders sustaining demurrers to the complaints for insufficiency.

The alleged prosecution was based upon the following charge in the warrant: "That at Lancaster Cotton Mills, in the county and State aforesaid, on December 21, 1905, J. B. Aiken and his wife, Sarah Aiken, are removing their goods on which he has a chattel mortgage to the State of North Carolina."

The demurrers were properly sustained under the authority of *Whaley* v. *Lawton,* 57 S. C., 256, 35 S. E., 741, which, upon a similar state of facts held that the warrant did not state a criminal offense under section 337 of the Criminal Code, and that a complaint for malicious prosecution must allege that plaintiff has been charged with a criminal offense.

The case does not fall within the rule stated in *State* v. *Rice,* 43 S. C., 200, 20 S. E., 986, and *State* v. *Haynes,* 74 S. C., 453, 55 S. E., 118, as no disposal of the property was charged. It was not even charged that the property had been removed beyond the limits of the State.

The judgment of the Circuit Court in each case is affirmed.

MR. JUSTICE HYDRICK, *disqualified.*