## 9776

### STATE v. SMITH.

#### (93 S. E. 250.)

CHATTEL MORTGAGES—NATURE OF INSTRUMENT—"MORTGAGE"—SALE OF PROPERTY—OFFENSE.—A written agreement "to deliver on demand 14 tons cotton seed to cover and secure," money advanced, creates a "mortgage" within Cr. Code 1912, sec. 447, prohibiting sale of personal property covered by mortgage.

Before SHIPP, J., Camden, November, 1916. Reversed.

J. K. Smith was indicted for disposing of personal property covered by lien, and, from a judgment quashing the indictment, the State appeals.

*Mr. Solicitor W. Hampton Cobb* and *Mr. W. B. deLoach,* for the appellant.

*Mr. B. B. Clarke,* for respondent.

July 19, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case shows: "This is an appeal by the State from an order of the Circuit Judge quashing an indictment, which charged the respondent with disposing of certain personal property covered by a lien, under the provisions of section 447, of the Criminal Code of 1912. The indictment was in the usual form, and included a copy of the instrument set forth as a lien which it was claimed existed over the property disposed of, as follows: 'The Buckeye Cotton Oil Company, R. L. Moseley, Agent. $563.78. Camden, S. C., December 20, 1915. Received of R. L. Moseley, agent for the Buckeye Cotton Oil Company, five hundred sixty-three and 78-100 dollars, same to be held in trust for the purchase of cotton seed only, for the account of the Buckeye Cotton Oil Company. *I have on hand and agree to deliver on demand 14 tons cotton seed to cover and secure the above amount of money advanced to me for purchase of cotton seed.* Said Buckeye Cotton Oil Company agrees to meet competition so long as in their opinion they can pay the price. (Signed) J. K. Smith. Witness: H. A. Campbell' —said instrument being in print except the date, amount, and sentence in italics, which are in writing.

"When the case was called for trial before the presiding Judge, at the Fall term, 1916, of the Sessions Court for said county and State, respondent's attorney moved to quash the indictment on the ground 'that the instrument in writing set forth in said indictment did not and does not create any mortgage or other lien,' and, after argument for and against the motion, the Court signed an order quashing said indictment on the ground upon which the motion was based. Thereafter, and in due time, notice of intention to appeal from said ruling to the Supreme Court was duly given."

Exception: "Because his Honor, the trial Judge, erred in ruling and holding, 'That the instrument in writing set

forth in said indictment did not and does not create any mortgage or other lien;' whereas, he should have held that said instrument did constitute such a lien as is contemplated by section 447 of the Criminal Code of 1912."

The case of *State v. Rice,* 43 S. C. 202, 20 S. E. 986, is relied upon by respondent to sustain the order quashing the indictment. The case of *State v. Rice* does not sustain the order appealed from. In that case the question was: Did the bill of sale show on its face that it was intended as a security for a debt? The Court said the bill of sale did not show that it was a security for a debt. In the Rice case the paper showed on its face that it was an absolute sale. In this case the paper plainly says: "I have on hand and agree to deliver on demand 14 tons cotton seed to cover and secure the above amount money advanced to me for purchase of cotton seed."

That which is intended as security is a mortgage. The paper creates a mortgage on its face.

The exception is sustained, and the order reversed.