## 10760

### STATE v. KNIGHT

#### (109 S. E. 803)

1. CRIMINAL LAW—TESTIMONY AS TO DEFENDANT'S STATEMENT, ON DEMAND FOR POSSESSION OF AUTOMOBILE THAT AUTOMOBILE WAS IN ANOTHER STATE, HELD NOT EVIDENCE OF CONFESSION.—In prosecution for disposing of mortgaged automobile without mortgagee's consent, in violation of Cr. Code 1912, § 447, admission of testimony as to statement, made by defendant on demand for the automobile, that the automobile was in another state, *held* not error, as against contention that it constituted the admission of confession before establishment of corpus delicti; such testimony not proving a confession.

2. CRIMINAL LAW—ADMISSION OF TESTIMONY HELD HARMLESS, IN VIEW OF SUBSEQUENT TESTIMONY AS TO CERTAIN FACTS.—The admission of testimony as to certain facts claimed to constitute a confession to which the defendant afterwards testified without objection, if error, was harmless.

3. CHATTEL MORTGAGES—REMOVAL OF MORTGAGED AUTOMOBILE TO OTHER STATE HELD VIOLATIVE OF STATUTE AGAINST DISPOSAL OF MORTGAGED PROPERTY WITHOUT MORTGAGEE'S CONSENT.—Mortgagor's removal of a mortgaged automobile to another State without mortgagee's consent *held* violative of Cr. Code 1912, § 447, prohibiting a person from selling or disposing of mortgaged personal property without mortgagee's consent.

Before GARY, J., Greenwood, June term, 1920. Appeal dismissed.

E. D. Knight, indicted for disposing of automobile under mortgage. Upon conviction defendant appeals.

*Messrs. Jones & Harrison* and *Tillman & Mays,* for appellant, cite: *Prosecution under Sec. 447 Crim. Code 1912; taking property into another State does not constitute a disposition of it within the Act:* 43 S. C. 200; 74 S. C. 450.

December 6, 1921.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

The defendant was charged with disposing of an automobile over which the Overland-Greenville Company held a mortgage, in violation of Section 447 of the Criminal Code, which provides:

"Any person or persons who shall sell or dispose of any personal property on which any mortgage or lien exists, without the written consent of the mortgagee or lienee, or the owner or holder of such mortgage or lien, and shall fail to pay the debt secured by the same within ten days after such sale or disposal, * * * shall be deemed guilty of a misdemeanor. * * *"

The jury found him guilty, and the appeal herein is from the sentence imposed upon him. The exceptions are as follows:

"1. Because his Honor erred in admitting the testimony over the objection of defendant's counsel of A. McD. Singleton, tending to show a confession of the defendant, E. D. Knight, that the automobile in question was in Augusta, Ga., before the State had established the *corpus delicti.*

"2. Because his Honor erred in admitting over objection the testimony of A. McD. Singleton, tending to show a confession of E. D. Knight that the car had been removed from the County of Greenwood before the State had proved that the car had been sold or disposed of as contemplated in Section 447, Vol. 2, of the Code of Laws of South Carolina for 1912.

"3. Because his Honor erred in allowing A. McD. Singleton to testify as to the conversation which took place between himself and E. D. Knight, in that his Honor

stated that there was some testimony tending to prove the *corpus delicti;* whereas, there was no testimony tending to show that E. D. Knight had sold or disposed of the mortgaged property as contemplated by the statute.

"4. Because his Honor erred in refusing the defendant's motion for a directed verdict, in that the State had failed to prove that the removal of the property from Greenwood County was for the purpose of depriving the lienee of his rights under the mortgage.

"5. Because his Honor erred in refusing the defendant's motion for the direction of a verdict, in that the State had failed to show that the automobile had been removed for the purpose of defrauding the holder of the mortgage.

"6. Because his Honor erred in refusing to allow the defendant's motion for the direction of a verdict at the close of the taking of all the testimony, in that there was not testimony sufficient to send the case to the jury."

The exceptions numbered 1 and 2 cannot be sustained for the reason that the testimony therein mentioned cannot properly be classed as confessions. Furthermore, the defendant afterwards testified to such facts without objection.

The third exception must be overruled for the reason that there was testimony tending to show that the removal of the property to another State had the necessary effect of defeating the mortgage lien, which was sufficient to constitute a violation of Section 447. In *State v. Haynes,* 74 S. C., 450; 55 S. E., 118, this Court said:

"We think that removal of property from the jurisdiction of the State with the purpose *or necessary effect of defeating the mortgage lien* is such a disposal of property as falls within the meaning of the statute. If intention to defeat the lien is essential, one must be presumed to intend the necessary consequences of his voluntary acts." (Italics added.)

This language is quoted with approval in *Hill v. Winns-boro Granite Corp.,* 112 S. C., 243; 99 S. E., 836.

What we have already said disposes of the remaining exceptions.

Appeal dismissed.