No. 15,086.

C. I. T. CORPORATION *v.* K. AND S. FINANCE COMPANY.
(142 P. [2d] 1005)

Decided September 27, 1943.

Mr. JACKSON M. SEAWELL, for plaintiff in error.

Mr. MAX M. GLASTON, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties occupy the same relative position here as in the trial court and are hereinafter referred to as there. Plaintiff is a Maryland and defendant a Colorado corporation. One Edward G. Bueter is designated as Bueter and a certain automobile, once his chattel, is referred to as the Dodge; suggestive of the conduct of Bueter as well as the name of the manufacturer. The question here is whether plaintiff or defendant, as Bueter's creditor, has the prior lien on the Dodge. Defendant had possession of it in Denver. Plaintiff secured it on replevin. Defendant posted a redelivery bond, recovered, and has long since disposed of it. It is stipulated that if plaintiff has judgment herein it shall be for $390, plus interest and costs. Bueter is out of the picture. The record is silent as to the time, place and manner of his exit, but contains his deposition taken in the peace and security of a sojourn in Canon City.

March 20, 1940, at Greenville, South Carolina, Bueter

bought the Dodge of a motor company, trading in another car and giving Exhibits C and D for the unpaid balance. These were promptly transferred to plaintiff; whereupon Bueter, unmindful of the obligation thereon, as promptly departed that commonwealth via the Dodge. Sixty days later, in the city of Denver, he borrowed certain moneys of defendant and executed Exhibits 1 and 2 as evidence of and security for the loan. C and 1 are promissory notes. 2 is a chattel mortgage on the Dodge securing 1, and plaintiff contends that D is a chattel mortgage thereon securing C, hence plaintiff here stands on C and D and defendant on 1 and 2. The trial court, construing C and D together, held them to constitute a chattel mortgage but, nevertheless, gave judgment for defendant; upon what theory or by what error does not appear. This he did in paragraph No. 2 of his findings and to that paragraph the record discloses neither objection nor exception. Trial was to the court and judgment was for defendant. To review that judgment plaintiff prosecutes this writ. Its three specifications amount simply to this: Exhibit D must be construed according to the law of South Carolina. So construed it is, as found by the trial court, a chattel mortgage, and if so is a lien on the Dodge prior to that of Exhibit 2.

All the evidence is documentary and no material fact is in dispute. If D is a mortgage it secures C and the lien thereof is prior to that of 2, hence plaintiff has the superior right and the judgment must be reversed. If defendant can here question the court's finding that D is a mortgage, notwithstanding its failure to object and except thereto, and we hold, as here maintained, that it is a mere conditional sales contract, then defendant has the superior right and the judgment must be affirmed.

█ 1. Defendant is not bound by the court's finding as to Exhibit D but may question it here. Rule 52 (b), Colorado Rules of Civil Procedure.

██ 2. It is conceded that Exhibit D must be con-

strued according to the laws of South Carolina. Whatever it be under those laws it is in fact a conditional sales contract. (a) It is so entitled. (b) It provides that title shall remain in the seller "until all amounts due hereunder are fully paid *in cash.*" (c) It provides that the seller should hold the certificate of title. But for the retention of title in the seller the sale would be absolute. Jones, Chattel Mortgages and Conditional Sales (Bowers Ed.), vol. 3, p. 26, §§923, 924. Has the South Carolina law altered the fact? Most of the South Carolina cases involve notes given and accepted as payment, not as evidence. Exhibit D expressly excluded such assumption by providing that the note in question was "given by purchaser to seller as evidence, but not as payment of a balance owing." Moreover, it appears that in South Carolina construction of such a contract, mortgage or conditional sale, must be according to the intent of the parties, when that intent is disclosed. *Talmadge v. Oliver,* 14 S.C. 522; *Singer Mfg. Co. v. Smith,* 40 S.C. 529, 19 S.E. 132; *State v. Haynes,* 74 S.C. 450, 55 S.E. 118. We think intent, as disclosed by Exhibit D itself, clearly brands this as a conditional sales contract. Its title is evidence thereof. Jones, id, p. 53, §944. It expressly says that the note is given only as evidence. It specifically reserves title. It provides that the seller shall hold the certificate. If any doubt remain it must be resolved against plaintiff. *Martin v. Mich. Trust Co.,* 23 F. (2d) 609.

Beyond all this it would appear that the lawmakers of South Carolina realized the peril of clothing conditional sales contracts concerning automobiles, the most ambulatory personal property known to modern commercial life, with all the privileges and benefits of chattel mortgages, and kept clear of that pitfall. The statutes of that state covering the general subject and giving many equivocal contracts the full status of chattel mortgages specifically exempt "assignments and satisfactions of conditional sales contracts securing the purchase

382

money of motor vehicles." Sec. 8875 Act. No. 716 Laws S.C. 1936; Sec. 8875-1 Act. No. 888 Laws S.C. 1934-1936 Supplement.

The judgment is affirmed.