No. 19,594.

LUTHER R. BOYD, ETC., *v.* ADJUSTMENT BUREAU, INC.

(365 P. [2d] 813)

Decided October 23, 1961. Rehearing denied November 13, 1961.

Messrs. KETTELKAMP, McGRATH & VENTO, for plaintiff in error.

Mr. JOHN R. WALL, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

ADJUSTMENT Bureau, Inc., as an assignee and hereafter referred to as plaintiff, brought the present action on a promissory note against Luther R. Boyd, and others. Upon trial, the jury returned a verdict in favor of Boyd and an appropriate judgment of dismissal of the action as to the defendant Boyd was duly entered.

Within 10 days after the reception of this verdict,

plaintiff filed a motion for judgment notwithstanding the verdict of the jury, and as grounds therefor alleged, among other things, that the trial court erred in denying its motion for a directed verdict theretofore interposed at the close of all the evidence. In this regard the record discloses that plaintiff did in fact make a motion for a directed verdict at the conclusion of the presentation of evidence. Such is required by Rule 50 (b) R.C.P. Colo., and is in fact a condition precedent to any subsequent consideration of a motion for a judgment notwithstanding the verdict of a jury. See *Grange Mutual Fire Insurance Company v. Golden Gas Company, Inc.,* 133 Colo. 537, 298 P. (2d) 950.

Counsel for Boyd received a copy of this motion, together with notice that the motion would be heard on June 21, 1960, at 10 o'clock a.m. Hearing on this motion was had on the date stated, at which time the motion was granted and the trial court entered judgment for plaintiff against Luther Boyd in the amount of $1,274.83 and costs.

Counsel for Boyd did not appear at the hearing on plaintiff's motion for judgment notwithstanding the jury's verdict. Thereafter on June 27, 1960, counsel for Boyd filed a motion seeking to have the trial court "reconsider" its action of June 21, 1960. In this "Motion to Reconsider" Boyd did not challenge the correctness of the action of the trial court in granting the motion for a judgment notwithstanding the verdict. Rather, counsel for Boyd sought reconsideration on the ground that though he had received a copy of plaintiff's motion for judgment notwithstanding the verdict and notice that it would be heard on June 21, 1960, at 10 o'clock a.m., he nevertheless did not appear until some time after the appointed hour, when he was informed that the motion had already been heard in his absence. He in effect urges that as a matter of fairness he should be heard before the solemn verdict of a jury be thusly set aside, especially in view of the length of time devoted to the

trial of the case. This motion to reconsider was argued and denied, the trial court stating that it was still of the firm belief that in granting plaintiff's motion it acted correctly, and the re-opening of the matter would therefore be a useless gesture.

Subsequent to the entry of the judgment for plaintiff against Boyd no motion for a new trial was filed in his behalf, nor did the trial court enter any order dispensing with the necessity for the same. Nevertheless, by writ of error Boyd now seeks reversal of the judgment entered against him, assigning as error the action of the trial court in granting the motion for judgment notwithstanding the verdict of the jury. He specifically contends that said motion was "insufficient in law" because it was not couched in the exact language of Rule 50 (b) R.C.P. Colo., and additionally argues that the trial court, under the circumstances, erroneously granted the motion. No assignment of error is predicated on the fact that counsel for Boyd was not present when the hearing on the motion was held.

 Plaintiff initially contends that the writ of error should be dismissed for the reason that Boyd failed to comply with Rule 59 (f) R.C.P. Colo., which provides that the party claiming error in the trial of any case must, unless otherwise ordered by the trial court, move that court for a new trial, and, without such order, only questions presented in such motion will be considered on review.

The record before this Court, which incidentally does not include the reporter's transcript of testimony given upon trial, reveals, as observed above, that no motion for a new trial was filed by Boyd. Nor did the trial court enter an order dispensing with the necessity for filing such a motion. This being the situation, the present writ of error must be dismissed. See *Kopff v. Judd,* 134 Colo. 330, 304 P. (2d) 623, wherein it was said:

"In order that the matter may be finally set at rest, we hold that under the Rules of Civil Procedure a mo-

tion for new trial must be filed, or an order dispensing therewith be entered, as a prerequisite to the right of a party to seek review in this court. *This rule applies in cases where a review of a pure question of law is sought, as well as for a review of questions of facts."* (Emphasis supplied.)

Nor would a different result obtain if the "Motion to Reconsider" be deemed a motion for a new trial, which in fact it is not. The assignments of error urged here were not set forth in that motion and, conversely, the matters there urged are not assigned as error here. Rule 59 (f) R.C.P. specifically provides that on review by this Court only matters which have been presented in the motion for a new trial shall be considered. See *Platte Valley Elevator Co. v. Gebauer,* 127 Colo. 356, 256 P. (2d) 903.

The writ of error is dismissed.

MR. JUSTICE DAY and MR. JUSTICE SUTTON concur.