No. 19,952.

W. VINCENT NOICE, ET AL., *v.* B. H. JORGENSEN.
(378 P. [2d] 834)

Decided February 18, 1963.

Messrs. LOESCH & KREIDLER, for plaintiffs in error.

Messrs. BRATTON & WHITTINGTON, Messrs. SERAPHINE & ALEXANDER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

BY writ of error the Noices seek reversal of a judgment of the trial court that Jorgensen is the owner of a ten-foot strip of land constituting the perimeter of a small island lying between two arms of the west branch of the Gunnison river, this so-called "fishing strip" being decreed to be held by Jorgensen "in trust nevertheless, for use by the public for fishing purposes only."

The Noices contend that they own the *entire* surface of this small island, subject to this "ten foot easement on the shore for fishing," and that the trial court accordingly erred in quieting title in Jorgensen to the aforementioned strip of land, thereby encompassing and surrounding the balance of the island which admittedly is owned by the Noices.

Specifically, the Noices argue that the trial court erred in admitting and considering parol evidence which, they say, tended to vary and contradict the express terms of certain deeds. They contend that the several deeds, coupled with other documentary evidence, clearly established that it was the intention of all concerned

that the Noices should acquire and own the *entire* surface of the island.

At the very outset Jorgensen contends that from a procedural standpoint this writ of error must be dismissed for failure of the Noices to comply with the mandatory requirements of Rule 59 (f), R.C.P. Colo. The Noices concede that they did not file a motion for new trial, and also that the trial court did not by appropriate order dispense with the necessity therefor.

■ This being the admitted state of the record, Jorgensen urges that the writ be dismissed for failure to comply with Rule 59. As additional authority therefor he cites *Kopff v. Judd,* 134 Colo. 330, 304 P. (2d) 623, and *Boyd v. Adjustment Bureau,* 148 Colo. 233, 365 P. (2d) 813. In *Kopff v. Judd,* supra, it was declared:

"In order that the matter may be finally set at rest, we hold that under the Rules of Civil Procedure *a motion for new trial must be filed, or an order dispensing therewith be entered, as a prerequisite to the right of a party to seek review in this Court.* This rule applies in cases where a review of a pure question of law is sought, as well as a review of questions of facts." (Emphasis supplied.)

The Noices initially resist dismissal of the writ of error by stating it was the "intention" of all concerned, i.e. counsel for Noices and Jorgensen and the trial court, that the judgment should contain an order dispensing with a motion for new trial, but that through "oversight" such was omitted from the written judgment eventually signed by the trial court. It should be noted that present counsel for Jorgensen did not represent him in the trial court.

■ Careful perusal of the record fails to disclose any evidence of an "informal understanding" that there would be an order dispensing with a motion for new trial. Hence, the question posed is whether we are to be governed by the record as made, or by what the Noices in their brief contend was "intended to be done,"

but in fact was not, ostensibly through oversight. Under such circumstances we are, of course, bound by the record, and can not add to it at this stage of the proceeding on the basis of a unilateral suggestion contained in the brief of one of the disputants. There is nothing before us to indicate that Jorgensen, his counsel, or the trial court, acquiesces in Noices' statement that it was the intention of all that the final judgment should dispense with a motion for new trial.

The Noices alternatively argue that even though they "intended" that the judgment ultimately signed by the trial court should dispense with a motion for new trial, the omission under the particular circumstances is not fatal since they in effect, if not in name, did file a motion for a new trial. In this regard they contend that though they did not file a motion for a new trial, they nevertheless did file certain "Objections and Exceptions to Findings of Fact and Conclusions of Law," and urge that this is the equivalent of a motion for new trial and constitutes substantial compliance with Rule 59. In this belief they are mistaken, and a brief recital of the sequence of the proceedings will demonstrate why.

The Noices originally alleged that Jorgensen was trespassing on their property with resultant damage, and prayed for compensatory and exemplary damages. Jorgensen by answer denied the trespass, claimed that the land on which he was allegedly committing the trespass was actually owned by him, and counterclaimed that the Noices were trespassing on his property. By amended complaint the Noices sought a "complete adjudication of the rights of the parties."

The matter was tried to the court in October 1960, some seven witnesses being examined. The root of this controversy is the fact that both the Noices and Jorgensen were grantees in separate deeds from a common grantor, each deed containing an admittedly erroneous

legal description. Faced with this fact, the trial court was charged with the difficult responsibility of ascertaining the true intent of the parties concerned. At the conclusion of this hearing the trial court took the matter under advisement and allowed counsel time to submit briefs. This was done, and on January 19, 1961, the trial court made elaborate "Findings of Fact and Conclusions of Law" in writing. No judgment was entered as of that date, the court specifically noting that "other issues remain pending in this action and counsel will please advise the Court as to what further proceedings they contemplate, if any, prior to trial on other issues."

Shortly thereafter, Noices filed their aforementioned "Objections and Exceptions to Findings of Fact and Conclusions of Law," which not only voiced their "objections" but also contained suggested findings and conclusions, favorable to their side of the controversy. These objections were overruled on April 7, 1961, at which time the matter was reset "for the purpose of defining remaining issues for trial and for setting a trial date." There actually was no "further trial," the parties apparently agreeing to dismiss the remaining issues not already covered by the findings and conclusions announced on January 19, 1961. In any event, a written "Judgment and Decree" was signed by the court on May 17, 1961, in which no mention was made concerning a motion for new trial. Subsequent to this date of judgment, the Noices did not file any motion whatsoever.

Viewed in this context, Noices' objections to the findings of the trial court clearly do not serve as a motion for new trial and do not constitute a compliance with Rule 59.

Rule 52 (b) R.C.P. Colo. states, inter alia, that in a trial to the court, without a jury, objections to the court's findings are not necessary in order to preserve for appellate review "the question of sufficiency of the

evidence to support the findings. . . ." See *C.I.T. Corporation v. K. & S. Finance,* 111 Colo. 378, 142 P. (2d) 1005. Nor is it essential to a review that there be any motion to amend. However, this rule does authorize and permit the filing not later than ten days after entry of judgment of a motion to amend the court's findings, or to make additional findings, and further provides that the court may amend its judgment accordingly. But there is nothing in this rule to indicate that even a motion to amend findings, let alone mere objections thereto, obviates the necessity for filing a motion for new trial. In fact Rule 52 (b) also provides, in part, that "the motion [to amend findings] may be made with a motion for a new trial pursuant to Rule 59," thus clearly indicating that the filing of a motion to amend findings does not obviate the necessity of filing a motion for new trial.

Rules 52 and 59 are not two separate rules on the same subject matter, rather each serves a distinctly different procedural purpose. So, in *Matyas v. Feddish,* 4 F.R.D. 385 it was pointed out that the "purpose of Rule 52 (b) is to clarify matters for the appellate court's better understanding of the basis of the decision of the trial court." It was further explained in that case that this rule does not provide a method for reversal of the judgment or a finding of contrary facts and declared that such should be sought by appeal or motion for new trial.

Similarly, in *Heikkila v. Barber,* 164 F.S. 587, it was said:

"It is well settled that the province of findings is to apprise prospective appellate courts of the basis of the trial court's decision. Rule 52 (b), providing for amendment of findings or additional findings upon motion, allows either party to make such a motion. It further provides that this motion 'may' be joined with a motion for a new trial under Rule 59. Clearly, Rule 52 (b) merely provides a method for 'amplifying and expand-

ing the [findings of fact],' and is not intended as a vehicle for securing a rehearing on the merits."

The writ of error is dismissed.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.