No. 20,470.

DENVER FEED CO. *v.* FRANK WINTERS, ET AL.

(380 P. [2d] 678)

Decided April 8, 1963.     Rehearing denied April 29, 1963.

Mr. MARTIN ZEROBNICK, Mr. LEO T. ZUCKERMAN, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS action involves priority of lien rights which are asserted by the holders of promissory notes secured by separate chattel mortgages on livestock. The judgment of the trial court, which plaintiff in error seeks to have reversed, awarded to defendants in error possession of

the cattle which were subject to the said chattel mortgages, thus adjudging prior lien rights to defendants in error.

On May 22, 1962, at which time the court decided the case, it was ordered that "the Plaintiff Denver Feed Co. is granted 10 days in which to file a Motion for New Trial." No motion for a new trial was ever filed. A minute order is in the record before us from which it appears that on June 11, 1962, the court held a hearing on a "Motion for Amendment of Judgment" which was filed by the plaintiff in error. The record does not contain a copy of this motion but the minute order last referred to contains the following: "IT IS ORDERED that the Motion to Amend Judgment is hereby overruled." Thereafter, on June 20, the court entered a formal written judgment and decree in which the necessity for filing a motion for new trial was not dispensed with and no such motion was filed.

██ This court has repeatedly held that writs of error will be dismissed for failure to comply with Rule 59, R.C.P. Colo., unless the necessity for filing a motion for new trial is expressly dispensed with by order of the trial court. In *Noice v. Jorgensen,* 151 Colo. 459, 378 P. (2d) 834, it was held that the filing of objections to findings of the trial court clearly do not serve as a motion for new trial and do not constitute a compliance with Rule 59. From the opinion in that case we quote the following:

"Rule 52(b) R.C.P. Colo. states, inter alia, that in a trial to the court, without a jury, objections to the court's findings are not necessary in order to preserve for appellate review 'the question of sufficiency of the evidence to support the findings * * * .' See *C.I.T. Corporation v. K. & S. Finance,* 111 Colo. 378, 142 P. (2d) 1005. Nor is it essential to an appeal that there be any motion to amend. However, this rule does authorize and permit the filing not later than ten days

after entry of judgment of a motion to amend the court's findings, or to make additional findings, and further provides that the court may amend its judgment accordingly. But there is nothing in this rule to indicate that even a motion to amend findings, let alone mere objections thereto, obviates the necessity for filing a motion for new trial. In fact Rule 52 (b) also provides, in part, that 'the motion (to amend findings) may be made with a motion for a new trial pursuant to Rule 59,' thus clearly indicating that the filing of a motion to amend findings does not obviate the necessity of filing a motion for new trial."

The writ of error is dismissed.

*On Petition for Rehearing.*

Mr. Justice Moore:

Counsel for plaintiff in error have filed a petition for rehearing in which it is asserted that the Motion for Amendment of Judgment which was filed by them was treated by the trial court as a motion for a new trial and should be so treated by this court on writ of error. In said petition counsel make the following request:

"To prevent injustice by liberal rather than a harsh interpretation of the Rules of Civil Procedure we submit that this Court reconsider its order of April 8, 1963, and decide this case on its merits."

We have read the full record before us; have considered the briefs of counsel; and have concluded that the determination of the trial court upon the merits would be affirmed if an opinion were to be written thereon. No injustice is visited upon plaintiffs in error by disposition of the case on the ground set forth in the opinion. On the merits of the case the result would be the same.

The petition for rehearing is denied.