No. 21906.

MELVIN D. RUECKHAUS, PALMER VILLAGE CORPORATION, A COLORADO CORPORATION, M.D.R., INC., A COLORADO CORPORATION *v.* EDWARD H. SNOW, MARY E. SNOW, ELMER T. LEWIS AND DONALD F. MATHESON, JR., INDIVIDUALLY AND DOING BUSINESS AS EDWARD H. SNOW AND ASSOCIATES, A PARTNERSHIP.

(445 P.2d 577)

Decided September 23, 1968. Rehearing denied October 21, 1968.

52

LEON H. SNYDER, EUGENE TEPLEY, for plaintiffs in error.

TROTT, KUNSTLE, O'LEARY and RATNER, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

MELVIN D. RUECKHAUS, Palmer Village Corporation and M.D.R., Inc. (all collectively referred to hereinafter as plaintiffs in error) bring writ of error to a judgment impressing an equitable lien on certain of their properties in favor of Edward H. Snow and Associates. Counsel who now appear for plaintiffs in error were not counsel in the trial court nor were they counsel when the record on error was designated.

Judgment was entered in the trial court on March 3, 1965. Some 26 days later plaintiffs in error filed a "Motion to Set Aside Findings of Fact and Decree." The trial court denied the motion on the ground that it was not timely filed. Defendants in error now contend that the writ of error must be dismissed for failure on the part of plaintiffs in error to file their motion for new trial within 10 days as required by R.C.P. Colo. 59. We agree.

Rule 59 (f) clearly provides that on review the Supreme Court shall consider only those questions presented in the motion for a new trial. This Court has repeatedly held that when such a motion is not timely filed, the writ of error must be dismissed. See *Minshall*

*v. Pettit,* 151 Colo. 501, 379 P.2d 394; *Board v. Marshall,* 136 Colo. 200, 315 P.2d 198; and *Kopff v. Judd,* 134 Colo. 330, 304 P.2d 623.

Plaintiffs in error argue that although the motion to set aside the findings was not timely filed under Rule 59, it should be considered as filed under Rule 60 (b), whose time limit for filing is six months. We do not agree. The grounds stated in the motion are those clearly contemplated by Rule 59 in seeking either a new trial or an amendment to a decree, and we find no grounds stated therein which would entitle plaintiffs in error to relief under 60 (b).

 There is an additional reason requiring that the writ of error be dismissed. No reporter's transcript of the evidence at the trial has been certified to the Court as part of the record. Without such a transcript we cannot determine the merits of plaintiffs in error's position. The judgment of the trial court is presumed to be correct, and without a properly certified record before us showing otherwise, we are not at liberty to set such a judgment aside. See *Laessig v. May-D&F,* 157 Colo. 260, 402 P.2d 183.

The writ of error is dismissed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE KELLEY concur.