495 P.2d 1162 (1972)
Charla E. AUSTIN, Plaintiff-Appellee,
v.
COLLEGE/UNIVERSITY INSURANCE COMPANY OF AMERICA, Defendant-Appellant.
No. 71-211.
Colorado Court of Appeals, Div. II.
April 4, 1972.
Swenson & Pickens, Thomas H. Pickens, Lakewood, for plaintiff-appellee.
White & Steele, Clifford L. Beem, Denver, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
This is an action by plaintiff Charla E. Austin to recover death benefits under an insurance policy issued by defendant College/University Insurance Company of America (Insurance Co.), insuring the life of Linton C. Austin, husband of the plaintiff. It was agreed by the parties prior to trial that the insured died as the result of a motor vehicle accident, that the policy was in force at the time of the accident and that plaintiff was the beneficiary of the policy. The sole remaining issue was whether an exclusionary clause of the policy relieved the Insurance Co. of liability. Trial was to the court which found in favor of plaintiff. Insurance Co. seeks a reversal of this judgment on the basis of several alleged errors. Plaintiff asserts that this appeal must be dismissed for failure of the Insurance Co. to comply with the mandatory requirements of C.R.C.P. 59(f). We agree.
Judgment was entered December 16, 1970 and on December 24, 1970, the Insurance Co. filed a motion entitled, "Motion For More Specific Findings of Fact," which requested that the court make more complete and more specific findings of fact. At a hearing December 29, 1970, this motion was denied and the court granted the Insurance Co.'s oral motion for "ten (10) days within which to file any additional *1163 motions." On January 7, 1971, the Insurance Co. filed a "Motion to Alter or Amend or in the Alternative Motion for New Trial."
C.R.C.P. 59(b) requires that a motion for a new trial shall be filed not later than 10 days after the entry of the judgment or such further time as may be allowed by the court. This provision is mandatory and, in the absence of other factors, not pertinent here, failure to so comply requires a dismissal of the appeal. Rueckhaus v. Snow, 167 Colo. 51, 445 P.2d 577.
A trial court cannot enlarge the time for the filing of a motion for new trial after the expiration of the specified period permitted by the rules. C.R.C.P. 6(b). The trial court's order of December 29, 1970, purporting to grant the Insurance Co. 10 days to file additional motions could not and did not extend the time for filing of a motion for new trial. Therefore, Insurance Co.'s motion for new trial which was filed January 7, 1971 should have been stricken by the trial court. See Niles v. Shinkle, 119 Colo. 458, 204 P.2d 1077.
The Insurance Co. contends that its motion of December 24, 1970 was sufficient to protect its right of appeal under C.R.C.P. 59(f) which rule provides, in part, "that if a motion to alter or amend the judgment is filed it shall, for appellate purpose, be considered as a motion for a new trial." We do not agree.
C.R.C.P. 59(e) provides for the filing of a motion to alter or amend a judgment, which is the motion that is referred to in C.R.C.P. 59(f), and is not to be confused with a 52(b) motion to amend the findings. In Denver Feed Co. v. Winters, 152 Colo. 103, 380 P.2d 678, and Noice v. Jorgensen, 151 Colo. 459, 378 P.2d 834, it was held:
"Rule 52(b) R.C.P.Colo., states, inter alia, that in a trial to the court, without a jury, objections to the court's findings are not necessary in order to preserve for appellate review `the question of sufficiency of the evidence to support the findings . . . .' See C. I. T. Corporation v. K. & S. Finance, 111 Colo. 378, 142 P.2d 1005. Nor is it essential to an appeal that there be any motion to amend. However, this rule does authorize and permit the filing not later than ten days after entry of judgment of a motion to amend the court's findings, or to make additional findings, and further provides that the court may amend its judgment accordingly. But there is nothing in this rule to indicate that even a motion to amend findings let alone mere objections thereto, obviates the necessity for filing a motion for new trial. In fact Rule 52(b) also provides, in part, that `[t]he motion [to amend findings] may be made with a motion for a new trial pursuant to rule 59', thus clearly indicating that the filing of a motion to amend findings does not obviate the necessity of filing a motion for new trial."
Although Denver Feed Co. and Noice cases, supra, were decided before the adoption of the new Colorado Rules of Civil Procedure, we have compared the former with the new rules in light of these cases and find the interpretation stated therein equally applicable to the new rules as related to this case.
Therefore, the Insurance Co.'s motion for more specific findings of fact, which is a C.R.C.P. 52(b) motion, is not the equivalent of either a motion to alter or amend the judgment, nor is it the equivalent of a motion for new trial under C.R.C.P. 59(f).
Although this case is not properly before this court, we have, in any event, read the full record before us, considered the briefs and oral arguments of counsel and have concluded that, if an opinion were to be written on the merits, the determination of the trial court would be affirmed.
The appeal is dismissed.
COYTE and PIERCE, JJ., concur.