NATIONAL ACCOUNT SYSTEMS,
INC., Petitioner,

v.

DISTRICT COURT In and For the
SECOND JUDICIAL DISTRICT and the
Honorable Robert T. Kingsley, Judge
Thereof, Respondents.

No. 81SA278.

Supreme Court of Colorado,
En Banc.

Sept. 14, 1981.

Clive A. O'Leary, Aurora, for respondents.

Steven A. Gall, Lakewood, S. L. Nickolas, Denver, for petitioner.

LOHR, Justice.

The petitioner, National Account Systems, Inc. (National), seeks relief in the nature of prohibition and mandamus pursuant to C.A.R. 21 to prohibit the trial court from acting on a motion for summary judgment and setting a new trial and to require that court to reinstate the judgment previously entered in favor of the petitioner. In support of the petition National asserts that the court below lacked jurisdiction to grant the defendant's motion for a new trial because it was not timely filed. We issued a rule to show cause why the requested relief should not be granted and now make that rule absolute.

On November 19, 1980, a judgment was entered in favor of National and against the defendant, Alpha B. Lorje (Lorje), based on a jury verdict in Denver District Court. The court granted Lorje thirty days in which to file a motion for a new trial. On December 17, 1980, within the thirty day period, the trial court granted Lorje's motion to extend the time for filing by an additional sixty days. No action was taken within the additional time allowed, but on March 31, 1981, more than a month after the extension had expired, Lorje filed her Motion for Extension of Time To File For New Trial and New Trial. As grounds for a new trial, Lorje asserted that the damages awarded were excessive, C.R.C.P. 59(a)(5), and that the evidence was insufficient to support the verdict, C.R.C.P. 59(a)(6). Thereafter, the trial court heard and granted the motion for a new trial. National then sought relief through this

original proceeding, contending that Lorje's failure to file her motion within the time allowed by the trial court deprived that court of jurisdiction to consider the late-filed motion for a new trial. We agree.

 C.R.C.P. 59(b) prescribes the time for filing a motion for a new trial and provides in pertinent part:

> (b) *Time for Motion.* A motion for a new trial shall be filed not later than fifteen days after the entry of the judgment, or such further time as may be allowed by the court; except that a motion for a new trial on the grounds of newly discovered evidence may be made after the expiration of six months after the entry of the judgment with leave of court obtained on notice and hearing and on a showing of due diligence.

The motion was not filed within the time prescribed, as extended by orders of court. Lorje contends that the trial court had discretion to extend further the time for filing the motion even though the request was filed after expiration of the last prior extension. That is not the case. C.R.C.P. 6(b) governs extensions of time based upon motions made after the prescribed time has expired. It provides:

> (b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; *but it may not extend the time for taking any action under Rules . . . 59(b). . ., except to the extent and under the conditions therein stated.* (Emphasis added.)

 The failure to file a motion for a new trial within the time prescribed by C.R.C.P. 59(b) as extended by any orders of court pursuant to motions timely made de-prives the court of jurisdiction and requires dismissal of the appeal. *Rueckhaus v. Snow,* 167 Colo. 51, 445 P.2d 577 (1968); *Niles v. Shinkle,* 119 Colo. 458, 204 P.2d 1077 (1949); *Austin v. College/University Ins. Co. of America,* 30 Colo.App. 502, 495 P.2d 1162 (1972). This result is dictated by the clear provisions of our rules and case law and serves the policy of giving finality to judgments after a reasonable time has been allowed to seek appellate review.

The rule is made absolute.