David L. KOFOED and Eugene F. Costello (By Virtue of Foreclosure of Attorney's Lien), Plaintiffs-Appellants,

v.

Edwin J. BLECKER, Defendant-Appellee.

No. 80CA1132.

Colorado Court of Appeals,
Div. II.

Dec. 24, 1981.

Rehearing Denied Jan. 14, 1982.

Certiorari Granted April 19, 1982.

Eugene F. Costello, David L. Kofoed, Denver, pro se.

Kelly, Haglund, Garnsey & Kahn, Norman D. Haglund, Denver, for defendant-appellee.

VAN CISE, Judge.

Plaintiffs, Kofoed and Costello (K&C), appeal an order cancelling their judgment against defendant Blecker obtained as a result of foreclosure of their attorney's lien. We reverse.

In 1970, the original plaintiff in this action, Kopy Kats Denver, Inc. (Kopy Kats), through K&C as its attorneys, obtained a judgment against defendant for approximately $150,000.

In 1979, K&C filed a notice of attorney's lien for one-half of the 1970 judgment, and, based on foreclosure of that lien, the court rendered judgment for them and against defendant. Then, in April 1980, they served a writ of garnishment on the personal representatives of the estate of defendant's father. Defendant then filed an application for an order cancelling and discharging the 1970 and 1979 judgments, and further asking for the quashing of the 1980 writ of garnishment. On July 2, following an evidentiary hearing and in the presence of counsel for the parties, the trial court denied defendant's application.

Following this pronouncement, the court, *sua sponte*, stated:

"Counsel, would you like to have a stay until you have an opportunity to pursue the matter further?

"MR. BERGE: Yes, we would, your Honor. We would request a 30-day stay.

"THE COURT: Mr. Costello, do you want to respond to that?

"MR. COSTELLO: If it please the Court, the stay will not jeopardize the position of the plaintiffs herein so we would have no objection to a 30-day stay.

"THE COURT: A 30-day stay will be granted."

No motion for extension of time to file post-trial motions was filed. On July 24, defendant filed a "motion for reconsideration of defendant's application for cancellation of discharged judgments or, in the alternative, a motion for a new hearing." At the hearing on the motion and on this appeal, both parties treated this motion as the equivalent of a motion for new trial under C.R.C.P. 59. Defendant has consistently contended that his motion is based on the claim that a C.R.C.P. 59(a)(1) irregularity had occurred, and asserted that he is not claiming under 59(a)(4).

At the hearing on the new trial motion in September 1980, the court in effect granted the motion, reopened the matter for further hearing, and granted the application for cancellation.

On appeal, we noted that the motion had not been filed within the 15 days prescribed in C.R.C.P. 59(b) for a new trial motion on the grounds of an irregularity in the proceeding. Therefore, we issued an order to show cause why this court should not reverse the September order and remand the case for reinstatement of the July 2 order for failure of the defendant timely to file his new trial motion directed to that order. Both parties responded.

Defendant contends that the "thirty-day stay" granted by the trial court was intended and understood by the parties and the court to mean a "stay" of all judicial proceedings and the running of all pertinent time periods, especially the running of the time period for filing a new trial motion under C.R.C.P. 59. We do not agree.

Defendant's original application for cancellation of the judgments was made after plaintiffs had commenced execution and garnishment proceedings against defendant's father's estate to collect their judgment. Absent a stay, the July 2 ruling denying the application enabled plaintiffs to proceed with their collection efforts. Therefore, under the circumstances, the court's words, "a stay until you have an opportunity to pursue the matter further,"

meant that defendant would have a 30-day stay of execution prohibiting the plaintiffs from executing on their judgment.

■ The term "extension of time" and not "stay" is used in referring to C.R.C.P. 59 motions. *National Account Systems v. District Court*, Colo., 634 P.2d 48 (1981); *Austin v. College/University Insurance Co.*, 30 Colo.App. 502, 495 P.2d 1162 (1972). C.R. C.P. 6(b) specifically states, in discussing enlargement of time, that the trial court "may not *extend* the time for taking any action under Rule ... 59(b) ... except to the extent and under the conditions therein stated." (emphasis added) The meanings of "stay" and "extension of time" are mutually exclusive.

■ We, therefore, hold that the trial court lacked jurisdiction to entertain the motion. *SCA Services, Inc. v. Gerlach*, 37 Colo.App. 20, 543 P.2d 538 (1975); *Austin v. College/University Insurance Co., supra.* Thus, any action taken thereafter, including the reopening for further hearing and the granting of the application for cancellation, was null and void, and the July 2 order should be reinstated.

The September 1980 order reopening the matter for further hearing and granting the application for cancellation is reversed, and the cause is remanded to the trial court with directions to reinstate the July 2, 1980, order.

KELLY and TURSI, JJ., concur.