Walter HENLEY, Plaintiff-Appellee,

v.

John A. F. WENDT, a/k/a John A. F. Wendt, Jr., Defendant-Appellant.

No. 81CA0921.

Colorado Court of Appeals, Div. III.

Jan. 7, 1982.

Schenk & Kerst, William J. deWinter, Glenwood Springs, for plaintiff-appellee.

Dorothy N. Wendt, Paonia, for defendant-appellant.

STERNBERG, Judge.

This case is before the court upon consideration of defendant's response to the court's order to show cause why the appeal should not be dismissed. We conclude that good cause has not been shown and, therefore, dismiss the appeal.

The order to show cause was entered *sua sponte* after receipt of a copy of defendant's notice of appeal and the register of actions from the trial court and after the parties had filed their preliminary statements. The order directed that defendant show cause why the appeal should not be dismissed based on his apparent untimely request for an extension of time to file his motion for new trial.

The register discloses that on March 18, 1981, at the conclusion of a trial to a jury, the jury returned its verdict in favor of plaintiff and that the trial court read the verdict and awarded damages. On April 3, 1981, the defendant filed a motion for extension of time to file a motion for new trial and thereafter filed his motion on June 10, 1981. The register also reflects an entry of "Order of Judgment" for May 19, 1981, and defendant has submitted the "Judgment Record," which shows a judgment date of May 18, 1981.

Relying on *Denver v. Just*, 175 Colo. 260, 487 P.2d 367 (1971), and *In re Marriage of Talarico*, 36 Colo.App. 389, 540 P.2d 1147 (1975), defendant contends in his preliminary statement that judgment was not entered until "it was noted in the registry of actions on May 11 (sic), 1981." Hence, he maintains, his motion for extension of time was filed within 15 days of the entry of judgment as required by C.R.C.P. 59(b).

*Denver v. Just, supra,* and *In re Marriage of Talarico, supra,* were decided when C.R.C.P. 58(a)(3) provided that "the notation of a judgment in the register of actions as provided by Rule 79(a) constitutes the entry of judgment ...." However, C.R.C.P. 58(a)(3) was amended effective August 1, 1977, and now provides in pertinent part:

"[T]he date the judgment is ordered in open court ... shall be the effective date of entry of judgment regardless of when noted in the register of actions. The notation in the register of actions shall show the date the judgment was entered as the effective date of the judgment.... Money judgments shall also be entered in the judgment record as provided for in Rule 79(d)." (emphasis supplied)

Here, the notation in the register of actions for March 18 establishes that judgment on the jury verdict was entered in open court on that day. Hence, it is the effective date of entry of judgment which governs the filing of defendant's motion for new trial under C.R.C.P. 59(b). Defendant's motion for extension of time on April 3 was therefore untimely, and the trial court was without jurisdiction to consider it and grant the extension. *Austin v. College/University Insurance Co.*, 30 Colo.App. 502, 495 P.2d 1162 (1972). *See also National Account Systems, Inc. v. District Court*, Colo., 634 P.2d 48 (1981).

Failure to comply with the mandatory requirement of C.R.C.P. 59(b) requires dismissal of the appeal. *Austin v. College/University Insurance Co., supra.*

Appeal dismissed.

KIRSHBAUM and TURSI, JJ., concur.