Robert SCHUSTER and Diana Schuster,
Plaintiffs-Appellants,

v.

Eldon ZWICKER, Sheldon Zwicker,
Chester Tozer, and Joan Tozer,
Defendants-Appellees.

No. 81SA566.

Supreme Court of Colorado,
En Banc.

Feb. 28, 1983.

McDaniel & McDaniel, Gerald B. McDaniel, Durango, for plaintiffs-appellants.

C. Thomas Kier, Cortez, for defendants-appellees.

LOHR, Justice.

This case involves the allocation of water decreed to the Hambelton Ditch in Montezuma County, Colorado, among the property owners who irrigate land under that ditch. The Montezuma County District Court entered a decree dividing the water, granting plaintiffs Robert and Diane Schuster (Schusters) rights of access to the ditch at specified locations over lands owned by the defendants, and ordering certain incidental relief. The Schusters filed a motion to alter or amend the judgment within the time allowed by C.R.C.P. 59(e) but did not comply with the time requirements of C.R.C.P. 59(b) in filing their motion for a new trial. All the substantive issues on this appeal are presented in the latter motion, but not in the former. The trial court concluded that it had no jurisdiction to rule on the late-filed motion for a new trial, and the Schusters appealed, asserting that their delay in filing the motion was legally excusable and that the trial court erred in several respects in resolving the disputes among the parties. We do not reach the substantive issues because we conclude that the late filing of the new trial motion precludes us from considering them. We affirm the judgment of the trial court.

On October 30, 1980, the trial court issued its order and decree resolving the disputed issues in this case on their merits. On November 14, 1980, the plaintiffs filed a motion to alter or amend the order and decree and a motion for an extension of time within which to file a motion for a new trial. The trial court granted the motion for extension of time and allowed the plaintiffs until November 28, 1980, to file a new trial motion. On December 1 a memorandum in support of the motion for a new trial was filed in the court clerk's office; the motion itself was not filed until December 5. On January 7, 1981, the court ruled that it lacked jurisdiction to consider the motion for a new trial because of the late filing, and on January 22, 1981, the court ruled that it had no jurisdiction to reconsider that earlier order. This appeal followed.

The plaintiffs acknowledge that the motion for a new trial was not filed within the time allowed, but they argue equitable considerations in support of their contention that the late filing should be excused. The plaintiffs presented affidavits to the trial court in support of their motion for reconsideration of the court's ruling that it lacked jurisdiction to consider the new trial motion. These affidavits reflect the following facts.

The offices of the plaintiffs' counsel are in Durango, and the court clerk's office is 40 miles away in Cortez. Counsel for the plaintiffs completed the motion for a new trial on November 26. November 27 was the Thanksgiving holiday and November 28 was the last day for filing the motion. Counsel inquired of a Durango postal worker and were told that if a document were mailed in Durango on November 26 there should be no problem in delivering it in Cortez on November 28, notwithstanding the intervening holiday. On the strength of this advice, counsel told his clients that it would be unnecessary for them to make the 120 mile round trip that would be required to pick up the documents in Durango, file them in Cortez, and return to their home. Counsel mailed the memorandum in support of the new trial motion in Durango late in the afternoon on November 26, and it was stamped as filed in the clerk's office on December 1. Compounding the lateness

problem, the motion for a new trial was inadvertently omitted from the mailing. On December 3 plaintiffs' counsel learned that the motion for a new trial had not been mailed with the supporting memorandum, and on December 5 the plaintiffs filed that motion with the court clerk.

## I.

■■■ We have long recognized that "[t]he failure to file a motion for a new trial within the time prescribed by C.R.C.P. 59(b) as extended by any orders of court pursuant to motions timely made deprives the court of jurisdiction and requires dismissal of the appeal." *National Account Systems, Inc. v. District Court,* 634 P.2d 48, 49 (Colo.1981). *Accord, e.g., Rueckhaus v. Snow,* 167 Colo. 51, 445 P.2d 577 (1968); *Niles v. Shinkle,* 119 Colo. 458, 204 P.2d 1077 (1949).[1] A trial court may enlarge the time for filing a motion for a new trial if the motion for extension is filed within the 15 day period allowed by C.R.C.P. 59(b) for filing a new trial motion or within any previously ordered extension. C.R.C.P. 6(b). However, the court is specifically prohibited from enlarging the filing time where the motion for extension is not made until after the 15 day period and any previously ordered extensions have expired. C.R.C.P. 6(b)(2); *National Account Systems, Inc. v. District Court, supra.* Contrary to the plaintiffs' argument, C.R.C.P. 6(b) specifically excludes the time for filing new trial motions from the time periods that may be extended upon motion made after expiration of the period, supported by a showing of excusable neglect. *National Account Systems, Inc. v. District Court, supra.* Therefore, the plaintiffs' assertion of excusable neglect does not provide a basis for the relief they seek.

■■■ We have recognized an exception to the requirement of strict compliance with the time limits for filing new trial motions only where "a party reasonably relies and acts upon an erroneous or misleading statement or ruling by a trial court

regarding the time for filing post-trial motions." *Converse v. Zinke,* 635 P.2d 882, 886 (Colo.1981) (relating to a motion for judgment notwithstanding the verdict). The further expansion of this exception to include late filings resulting from counsel's reliance on a postal employee's assurance of timely delivery would be inconsistent with the language of C.R.C.P. 6(b) and with the "policy of giving finality to judgments after a reasonable time has been allowed to seek appellate review." *National Account Systems, Inc. v. District Court, supra,* 634 P.2d at 49. Therefore, we decline the plaintiffs' invitation to expand the exception to the timely filing requirements under C.R.C.P. 59(b) and 6(b) to excuse the late filing in this case. As a result, the new trial motion does not provide a basis for appellate jurisdiction.

## II.

■■■ The plaintiffs also contend that we have jurisdiction to consider this appeal because they filed their motion to alter or amend the judgment within 15 days from entry of judgment as permitted by C.R.C.P. 59(e). C.R.C.P. 59(f) provides that "if a motion to alter or amend the judgment is filed it shall, for appellate purpose, be considered as a motion for a new trial." We agree, therefore, that we have jurisdiction in this matter. C.R.C.P. 59(f) also provides, however, that "only questions presented in [a new trial] motion will be considered by the appellate court on review." Our inspection of the motion to alter or amend the judgment reflects that none of the plaintiffs' challenges to the substantive rulings of the trial court is presented by that motion. Furthermore, the trial court's ruling on the motion was not designated as part of the record and is not before us.

The motion to alter or amend contests the accuracy of certain factual findings and the relevancy of others. In their opening brief the plaintiffs concede that the modifications sought by this motion do not involve reversible error. The plaintiffs have not chal-

---

1. C.R.C.P. 59(h) creates explicit exceptions to the requirement that a motion for new trial be filed as a condition to the right to appeal. None of the exceptions is applicable here.

lenged the decree on the basis that alleged errors in acreage in the factual findings resulted in an erroneous allocation of water. Rather, in their motion for new trial—but not in the motion to alter or amend—they assert that the trial court applied an incorrect method of allocation. Nothing in the motion to alter or amend the judgment presents that contention for our review.

 Moreover, the plaintiffs have not provided us with an adequate record to review the trial court's denial of the relief sought in their motion to alter or amend the judgment. While the plaintiffs' notice of appeal states that the trial court denied that motion, the record does not contain the court's order. We are not advised, therefore, whether any of the requested relief was granted,[2] and we do not know the basis upon which the court denied those requested amendments to which the plaintiffs direct their arguments on this appeal. It is the obligation of the party asserting error in a judgment to present a record that discloses that error, for a judgment is presumed to be correct until the contrary affirmatively appears. *Slater v. Van Schaack,* 162 Colo. 201, 425 P.2d 302 (1967); *Cole v. Kyle,* 141 Colo. 492, 348 P.2d 960 (1960). The plaintiffs have not met this burden.

### III.

We are cognizant of our discretionary authority under C.A.R. 1(d) to notice any error appearing of record notwithstanding the failure of the parties to preserve it for review. *See Bynon v. Morrison & Morrison,* 169 Colo. 384, 456 P.2d 747 (1969); *Kendall v. Hargrave,* 142 Colo. 120, 349 P.2d 993 (1960); *In Re Marriage of Brown,* 626 P.2d 755 (Colo.App.1981). We have recognized that exercise of such discretion is appropriate to correct fundamental error resulting in a miscarriage of justice. *Polster v. Griff's of America, Inc.,* 184

Colo. 418, 520 P.2d 745 (1974). We have reviewed the entire record in this case and believe that the trial court's allocation of water among the parties was just and equitable considering all of the factual circumstances. For this reason, we decline to exercise our discretion to consider assignments of error not properly presented by the appellants.

We affirm the judgment of the district court.

ROVIRA, J., does not participate.

---

2. The defendants took the position in response to the motion to alter or amend the judgment that any clerical errors properly should be corrected by the trial court. *See generally Rowe v. Watered Down Farms,* 195 Colo. 152, 576 P.2d 172 (1978). Without the trial court's or-

der, we are left to speculate whether the court granted the plaintiffs' motion to the extent that their contentions of error were the result of clerical mistakes while generally denying the motion on all other grounds.